# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MAURICE LAVELL JOHNSON,         )
                                )
    Plaintiff,                  )
                                )
v.                              )
                                )   CV417-105
NATHAN DEAL and                 )
EMILY PUHALA,                   )
                                )
    Defendants.                 )

FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 10:59 am, Jul 11, 2017

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Maurice Lavell Johnson brings this 42 U.S.C. § 1983 action against Georgia Governor Nathan Deal and Assistant District Attorney Emily Puhala. The Court now screens his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

I.    **BACKGROUND**[2]

Johnson is incarcerated at Chatham County Detention Center. Doc. 1 at 3. He alleges that a charge for the possession of a controlled substance was dismissed in one Chatham County criminal indictment against him (CR-13-2482-J6) and then "reindicted" in a new criminal action (CR-14-0374-J6). *Id.* at 5-6. In the first indictment, Johnson was charged with the possession of marijuana; in the re-do, he was charged with the possession of ecstasy. *Id.* By making this change, Johnson contends that Assistant D.A. Puhala has violated his

> 5th, 8th, and 14th Amendment Constitutional Civil Rights . . . with evil, wicked, malicious intents motivated by evil motive or intent which involves reckless and callous indifference to the federally protected rights of him, and that she deliberately, wickedly, recklessly callous [*sic*] intended to cause plaintiff pain and suffering and deprivation of liberty without due process and damages will lie.

*Id.* at 6-7. Governor Deal is named as a defendant only because Puhala "is or was a[n] arm of the state of Georgia at the time" she violated plaintiff's constitutional rights. *Id.* at 8. He seeks $2,500,000 in compensatory damages *and* $2,500,000 in punitive damages. *Id.* at 9.

---

[2]   Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## II.   ANALYSIS

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. And here there is no allegation that the Chatham County criminal cases, CR-13-2482-J6 and CR-14-0374-J6, were resolved in his favor.[3] *See* doc. 1. Indeed, at the time he filed his complaint Johnson's state criminal case was and apparently is still pending. *See* attached (case status "pending," with a jury trial set to begin the week of July 10, 2017). He therefore cannot bring suit challenging the wrongful issuance of legal

---

[3] While the first indictment was dismissed and the charges reinstituted some weeks later in the second indictment, that dismissal does not count as a "favorable termination" for malicious prosecution purposes. *See Hudson v. Hubbard*, 358 F. App'x 116, 117 (11th Cir. 2009); *c.f. Uboh v. Reno*, 141 F.3d 1000, 1005 (11th Cir. 1998) (a prosecutor's request to withdraw charges, in the absence of any agreement or compromise with the defendant, usually implies actual innocence because there is "little risk that the [prosecutor] intended to renew these charges at a later date"). And even if it did, that claim is untimely. Any "favorable termination" occurred back in 2014 when the indictment was dismissed, *see* doc. 1 at 5 (original indictment dismissed on February 25, 2014), and thus Johnson would have had to file his malicious prosecution action in 2016. *See, e.g., Uboh*, 141 F.3d at 1001-02 (malicious prosecution claims are subject to Georgia's two-year personal injury statute of limitations). He did not, however, file the present action until June 2017. It is therefore time-barred, regardless of merit.

process (his arrest warrant) until that prosecution is terminated in his favor or his conviction is overturned.[4]

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the

---

[4] In the event that such state court criminal proceeding has been finalized into a conviction, Johnson would now be complaining of defects that necessarily imply its invalidation. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

Regardless, Assistant D.A. Puhala is immune from suit, as Johnson alleges nothing beyond activities by her that fall within her official function. *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent). Finally, Governor Deal enjoys Eleventh Amendment immunity from suit in his official capacity, *see, e.g., Wusiya v. City of Miami Beach*, 614 F. App'x 389, 395 (11th Cir. 2015), and Johnson has pled no individual capacity allegations to surmount it.

amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's malicious prosecution claim is dead on arrival, and does not appear amendable.[5]

## III. CONCLUSION

Accordingly, Maurice Lavell Johnson's Complaint should be **DISMISSED without prejudice**. Meanwhile, it is time for Johnson to pay his filing fee. His PLRA paperwork reflects $66.61 in current balance, with near-weekly gift card deposits of $50. Doc. 4. He therefore owes a $13.32 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $13.32 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

---

[5] Despite the lack of any apparent basis for viable amendment, Johnson's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  10th  day of July, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



| Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees |

July 10, 2017     Location: Case Details

Search… 













# Case Details

State
VS.
JOHNSON, MAURICE LAVELL

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR140374 |
| Case Type: | DRUGS - POSSESSION-F |
| Judge: | HONORABLE MICHAEL KARPF |
| Assistant District Attorney: | LAUREN PURVIS |
| Date Filed: | 2/26/2014 |
| Status: | ACTIVE - |

### Defendant Information
| | |
|---|---|
| Name: | JOHNSON, MAURICE LAVELL |
| DIN: | P0406025 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 67 |
| Weight: | 165 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
GILBERT L STACY
222 W OGLETHORPE AVE
SAVANNAH, GA
31401

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 7/10/2017 | 09:30AM | JURY TRIAL | MICHAEL KARPF | |
| 6/19/2017 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 4/17/2017 | 09:30AM | JURY TRIAL | MICHAEL KARPF | |
| 4/4/2017 | 1:30PM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | RESCHEDULE EVENT |
| 3/27/2017 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 1/30/2017 | 2:00PM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 1/30/2017 | 09:30AM | JURY TRIAL | MICHAEL KARPF | CANCELLED EVENT - CL |
| 1/27/2017 | 09:00AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 1/26/2017 | 09:05AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 1/3/2017 | 1:30PM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 1/3/2017 | 01:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | RESCHEDULE EVENT |
| 1/3/2017 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | RESCHEDULE EVENT |
| 12/9/2016 | 1:30PM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | RESCHEDULE EVENT |
| 9/23/2016 | 09:05AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 8/12/2016 | 09:05AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 6/20/2016 | 10:00AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | CANCELLED EVENT - CL |
| 5/24/2016 | 1:30PM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | CANCELLED EVENT - CL |
| 4/15/2016 | 09:00AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | CANCELLED EVENT - CL |
| 3/4/2016 | 09:00AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 1/15/2016 | 09:00AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 11/17/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | MICHAEL KARPF | |
| 5/20/2015 | 2:00PM | ARRAIGN/TRIAL DOCKET CALL | PENNY FREESEMANN | CANCELLED EVENT - CL |
| 1/5/2015 | 09:30AM | ARRAIGNMENT/CALENDAR CALL | PENNY FREESEMANN | |

| | | | | | |
|---|---|---|---|---|---|
| 12/3/2014 | 10:30AM | SCHEDULING CONFERENCE | | PENNY FREESEMANN | |
| 9/29/2014 | 1:30PM | ARRAIGNMENT/PRETRIAL HEARING | | MICHAEL KARPF | CANCELLED EVENT - CL |
| 8/4/2014 | 1:30PM | SCHEDULING CONFERENCE | | MICHAEL KARPF | |
| 6/26/2014 | 1:30PM | SCHEDULING CONFERENCE | | MICHAEL KARPF | CANCELLED EVENT - CL |
| 5/20/2014 | 09:00AM | ARRAIGNMENT/PLEA HEARING | | JOHN MORSE | CANCELLED EVENT - CL |
| 4/10/2014 | 09:00AM | ARRAIGNMENT/CALENDAR CALL | | JOHN MORSE | CANCELLED EVENT - CL |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-13-2(B) | POSS OF MARIJUANA < 1 OZ. | 1 | MISDEMEANOR | 8/28/2013 6:37:39 PM | |
| 16-13-30(A) | POSSESSION CONTROLLED SUBSTANCE | 1 | FELONY | 8/28/2013 6:38:30 PM | |
| 16-11-131 | POSSESS FIREARM BY CONVICTED FELON | 1 | FELONY | 8/28/2013 6:38:41 PM | |
| 16-7-20 | POSS TOOLS FOR COMMISSION OF CRIME | 1 | FELONY | 8/28/2013 6:39:54 PM | |
| 16-7-20 | POSS TOOLS FOR COMMISSION OF CRIME | 1 | FELONY | 11/25/2013 | |

[Return to Top]

### Proceedings

| | | | | | |
|---|---|---|---|---|---|
| 7/10/2017 | 09:30AM | JURY TRIAL | | MICHAEL KARPF | |
| 6/29/2017 | | MOTION | | | MTN FOR CERTIFICATION AND SUMMONS TO COMPEL THE ATTENDANCE OF WITNESS FROM ANOTHER STATE/SIGNED CETIFICATE OF WITNESS MATERIALITY/ |
| 6/19/2017 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | |
| 4/17/2017 | 09:30AM | JURY TRIAL | | MICHAEL KARPF | |
| 4/4/2017 | 1:30PM | JURY TRIAL DOCKET REVIEW | RESCHEDULE EVENT | MICHAEL KARPF | |
| 3/27/2017 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | \|RESCHEDULED FROM 4-4-2017 AT 1330 DK16120052 |
| 1/31/2017 | | MOTION - TO SUPPRESS | | MICHAEL KARPF | STATEMENTS OF DEF/CERT OF SERV/ |
| 1/30/2017 | | NOTICE | | | OF DEF"S INTENT TO STIPULATE TO DEF"S PRIOR CONVICTION/CERT OF SERV/ |
| 1/30/2017 | | REQUESTS BY DEF | | | FOR BIFURCATED TRIAL CITATION OF AUTHORITY/CERT OF SERV/ |
| 1/30/2017 | | STATES SUPPLEMENTAL DISCOVERY | | | |
| 1/30/2017 | 2:00PM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 1/30/2017 | 09:30AM | JURY TRIAL | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 1/27/2017 | 09:00AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 1/26/2017 | 09:05AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 1/6/2017 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | MOTION FOR ONE TIME FREE COPY OF ENTIRE RECORDS/ |
| 1/5/2017 | | STATE"S DISCOVERY DISCLOSURE | | | SUPPLEMENTAL/NOTICE OF INTENT TO IMPEACH WITH PRIOR CONVICTIONS/NTC OF INTENT TO INTRODUCE EVID IN AGGRAVATION/NTC OF RECIDIVIST PROSECUTION/ |
| 1/3/2017 | 1:30PM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | \|RESCHEDULED FROM 12-9-2016 AT 1330 DK16060277\|RESCHEDULED FROM 1-3-2017 AT 0930 DK16100179\|RESCHEDULED FROM 1-3-2017 AT 0130 DK16120229 |
| 1/3/2017 | 01:30AM | JURY TRIAL DOCKET REVIEW | RESCHEDULE EVENT | MICHAEL KARPF | \|RESCHEDULED FROM 12-9-2016 AT 1330 DK16060277\|RESCHEDULED FROM 1-3-2017 AT 0930 DK16100179 |
| 1/3/2017 | 09:30AM | JURY TRIAL DOCKET REVIEW | RESCHEDULE EVENT | MICHAEL KARPF | \|RESCHEDULED FROM 12-9-2016 AT 1330 DK16060277 |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 12/16/2016 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 12/9/2016 | 1:30PM | JURY TRIAL DOCKET REVIEW | RESCHEDULE EVENT | MICHAEL KARPF | |
| 9/23/2016 | 09:05AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 8/16/2016 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 8/12/2016 | 09:05AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 7/11/2016 | | MEMORANDUM | | | DISMISSAL OF UNINDICTED CHARGES |
| 6/30/2016 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 6/20/2016 | 10:00AM | ARRAIGNMENT/PLEA HEARING | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 5/24/2016 | 1:30PM | ARRAIGNMENT/PLEA HEARING | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 4/15/2016 | 09:00AM | ARRAIGNMENT/PLEA HEARING | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 3/15/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 3/4/2016 | 09:00AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 1/15/2016 | 09:00AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |
| 11/17/2015 | 09:30AM | JURY TRIAL DOCKET REVIEW | | MICHAEL KARPF | |
| 5/20/2015 | 2:00PM | ARRAIGN/TRIAL DOCKET CALL | CANCELLED EVENT - CL | PENNY FREESEMANN | |
| 5/7/2015 | | PRO SE MOTION | | | MTN TO DEMURRER/ |
| 4/15/2015 | | PRO SE MOTION | | | CONSTITUTIONAL SPEEDY TRIAL DEMAND/ |
| 4/13/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 3/24/2015 | | PRO SE LETTER RECEIVED | | | |
| 3/24/2015 | | SUBSTITUTION OF COUNSEL | | | GIL STACY/ |
| 3/24/2015 | | SUBSTITUTION OF COUNSEL | | | G STACY |
| 2/27/2015 | | MOTION | | | MTN TO SUPPRESS STATEMENTS/REQ FOR JACKSON DENNO/ |
| 2/27/2015 | | DEFENDANTS LIST OF WITNESSES | | | |
| 2/2/2015 | | RETURNED MAIL | | | |
| 1/16/2015 | | ORDER | | | ORDER ON DEFENDANT"S PRO SE MOTION (1) DECEMBER 23, 2014 MOTION TO DISMISS - DISMISSED/ |
| 1/5/2015 | 09:30AM | ARRAIGNMENT/CALENDAR CALL | | PENNY FREESEMANN | |
| 12/23/2014 | | MOTION - TO DISMISS | DISMISSED | | PRO SE MOTION TO DISMISS/ |
| 12/3/2014 | | PRETRIAL SCHEDULING ORDER | | | |
| 12/3/2014 | 10:30AM | SCHEDULING CONFERENCE | | PENNY FREESEMANN | |
| 10/28/2014 | | TRANSCRIPT RECEIVED | | | PROBATION REVOCATION & ARRAIGNMENT ON 9-22-2014/ |
| 10/15/2014 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/29/2014 | 1:30PM | ARRAIGNMENT/PRETRIAL HEARING | CANCELLED EVENT - CL | MICHAEL KARPF | |
| 8/4/2014 | 1:30PM | SCHEDULING CONFERENCE | | MICHAEL KARPF | |
| 6/26/2014 | 1:30PM | SCHEDULING | CANCELLED | MICHAEL | |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | CONFERENCE | EVENT - CL | KARPF |  |
| 5/20/2014 | 09:00AM | ARRAIGNMENT/PLEA HEARING | CANCELLED EVENT - CL | JOHN MORSE |  |
| 4/10/2014 | 09:00AM | ARRAIGNMENT/CALENDAR CALL | CANCELLED EVENT - CL | JOHN MORSE |  |
| 4/1/2014 |  | ENTRY OF APPEARANCE |  |  | ROBERT ATTRIDGE/ |
| 3/21/2014 |  | TRANSFER ORDER TO MCD-MAJOR CRIMES DIVISION |  |  | RANDOMLY RE-ASSIGNED TO KA/ |
| 3/13/2014 |  | BENCH WARRANT SERVED |  |  | EXECUTED ON 3-12-14/ |
| 3/12/2014 |  | INCORP ALL DOCUMENTS |  |  | ORDER-INCORP CR13-2482 INTO CR14-0374/ |
| 3/12/2014 |  | BENCH WARRANT ISSUED |  |  |  |
| 3/11/2014 |  | STATES DISC RESTRICTED ACCESS 35-3-38 |  |  |  |
| 3/7/2014 |  | OMNIBUS DISCOVERY AND INSPECTION MOTION |  |  |  |
| 3/4/2014 |  | STATE"S DISCOVERY DISCLOSURE |  |  | STATE"S INITIAL DISCOVERY DISCLOSURE AND DEMAND FOR RECIPROCAL DISCOVERY/CERT OF SVC/ |
| 2/28/2014 10:43:48 AM |  | SCN |  |  | INITIAL CASE SCREENING / SCANNING |
| 2/26/2014 |  | REINDICTMENT |  |  |  |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2017 - Chatham County Courts